UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 2: 10-78-DCR |
| | ) | Civil Action No. 2: 11-7211-DCR |
| V. | ) | |
| | ) | |
| MARVIN DUKES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Marvin Dukes was arrested in October 2010 after he sold heroin to a police informant. Unfortunately for Dukes, this was not his first encounter with the law. In 1993, he had been convicted of aggravated robbery and robbery. And in 2004 and 2005, the defendant was convicted of trafficking in cocaine and heroin. [Record No. 60, pp. 6-8] Dukes was indicted on December 9, 2010, for his most-recent drug trafficking crimes. [Record No. 11]

Dukes decided to enter a plea of guilty to a single count of a six count indictment. On February 4, 2011, he appeared before the undersigned for the purpose of changing his earlier plea of not guilty. At the outset of the rearraignment proceeding, Dukes was placed under oath and questioned about matters which might affect his competency. Dukes provided the Court with information concerning traumatic events occurring earlier in his life. Additionally, he discussed treatment he had received and medications he had taken. Following this discussion and questioning of his attorney, the undersigned determined that Dukes was fully competent to enter a guilty plea.

Dukes's sentencing hearing was held on June 27, 2011. During this hearing, Dukes's attorney, Dukes's mother, Dukes's godmother, and the Court again discussed the traumatic events that had occurred during Dukes's childhood and adolescent years. [Record No. 72, pp. 14-16, 19-22, 22-23, 27-29, 31-32] Additionally, the Court considered written materials filed in support of the defendant, including his handwritten letter dated June 15, 2011. [Record No. 50] As a result of these mitigating factors, the Court began its analysis of the sentence to be imposed by starting at the bottom of the guideline range. "So my starting point in this particular case will be the bottom of the guideline range for all the arguments that have been made on behalf of the defendant and since I've credited those arguments to get to a starting point of 262 months." [Record No. 72, p. 29] Again, neither the information received by the Court from the defendant and third parties nor the Court's observations of the defendant created any concern that Dukes was not competent to proceed. Dukes accepted responsibility for his actions prior to and during sentencing proceedings. However, as is sometimes the case, attitudes change after a defendant is finally sentenced for his crimes.

Notwithstanding the fact that Dukes explicitly waived: (1) the right to appeal his sentence (provided the length of the sentence did not exceed the top end of his guideline range)[1]; and (2) the right to collaterally attack his guilty plea, conviction and sentence, the defendant breached both parts of his agreement with the government. On March 13, 2012, the United States Court

---

[1] Dukes's guideline range was 262 to 327 months' of imprisonment. However, based in part on a motion filed by the government, he was sentenced to a term of imprisonment of 223 months. [Record No. 73] As outlined in paragraph 5.(e) of the written Plea Agreement, both parties specifically agreed that Dukes would be classified as a career offender under the applicable United States Sentencing Guidelines. [*See* Record No. 54, p. 3.]

of Appeals for the Sixth Circuit dismissed Dukes's direct appeal upon motion of the defendant. [Record No. 74] Shortly thereafter, Dukes filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 75] Dukes's motion seeking collateral relief is based, in part, on a claim of ineffective assistance of counsel. And the defendant claims that the waiver provision of his written plea agreement is not enforceable because he was not competent at the time it was signed. His alleged incompetency is based on the traumatic events occurring many years ago; that is, witnessing the death of a cousin and being the victim of sexual abuse as a child.

In accordance with local practice, Dukes habeas motion and the government's subsequent motion to dismiss were referred to a United States magistrate judge for review and issuance of a report and recommendation. On August 30, 2012, United States Magistrate Judge Edward B. Atkins recommended that Dukes's request for collateral relief be denied and that the government's motion to dismiss be granted. That recommendation is currently pending, together with Dukes's request for relief under § 2255 and the United States's request that the defendant's motion be dismissed. The undersigned has fully reviewed the § 2255 motion. Based on this review, the Court will deny the relief sought by Dukes.

**I**.

Although this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Further, a general objection to the entirety of a magistrate judge's report has the same effect as a failure to object. *Howard v. Sec't of Health and Human Svcs.*, 932 F.2d 505 (6th Cir. 1991).

In the present case, Dukes has waived any objections to the magistrate judge's Report and Recommendation. Notwithstanding this waiver, the Court has proceeded to conduct a *de novo* review of the defendant's motion. After review, the Court finds dismissal of Dukes's request for habeas relief to be appropriate.

**II.**

The magistrate judge has recommended that the relief requested by Dukes be denied based on specific language of the waiver provision contained in his written Plea Agreement. After outlining the facts relating to the defendant's conviction and the procedural history of the case, Magistrate Judge Atkins identified the standard applicable to Dukes's § 2255 motion. The magistrate judge then proceeded to correctly address the waiver issue and facts relevant to it.

The record supports the conclusion that Dukes was specifically advised by the undersigned during his re-arraignment hearing of his rights under Rule 11 of the Federal Rules of Criminal Procedure. Further, he has not demonstrated that his claim of incompetency has any basis or that his assertions of ineffective assistance of counsel have any merit. The facts of this case establish that Dukes was advised of the effect of the waiver provision regarding his appellate rights. And of equal importance, the record demonstrates that the defendant fully

understood the import of the waiver. As the magistrate judge aptly summarized in his Report and Recommendation, "[t]he Defendant does not offer any substantive evidence to support the claims of his diagnosis [of PTSD], psychiatric treatment or medication. He does not mention any psychiatric problems in childhood or adulthood that inhibit his ability to understand or communicate with others." [Record No. 84, p. 8]

Dukes has offered no evidence or legitimate argument that his decision to enter a guilty plea was based on erroneous legal advice or that he would have insisted on going to trial but for this erroneous advice. Instead, the focus of his claim of ineffective assistance of counsel is directed to an erroneous claim of incompetence and assertions that his counsel failed to challenge his career offender status and failed to argue his competency as a matter to mitigate his sentence. However, the record establishes his status as a career offender. Dukes has offered nothing to alter that fact. Further, his attorney properly raised the matters that he now claims were ignored as matters of mitigation. Inasmuch as the Court has determined that Dukes's claim of incompetence is without merit but that the waiver of his appellate and collateral rights is valid, his allegations of ineffective assistance of counsel are foreclosed. *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001) (recognizing that waiver extends to claims of ineffective assistance of counsel in § 2255 proceedings).

### III.

At the time he entered a guilty plea and at the time of his sentencing hearing, Dukes demonstrated that he had an ability to consult with his attorney, that he understood the charges,

and that he had a rational understanding of the proceedings. Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. The magistrate judge's Report and Recommendation [Record No. 84] is **ADOPTED** and **INCORPORATED** by reference;

2. Movant/Defendant Marvin Dukes's motion to vacate, set aside or correct his sentence [Record No.75] is **DENIED** and his claims are **DISMISSED** with prejudice.

3. The United States's Motion to Dismiss [Record No. 77] is **GRANTED**.

4. Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent/Plaintiff United States of America.

This 18th day of September, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge