UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  Plaintiff/Respondent,  )<br>  )<br>V.  )<br>  )<br>MARVIN DUKES,  )<br>  )<br>  Defendant/Movant.  ) | Criminal Action No. 2: 10-78-DCR<br>Civil Action No. 2: 12-7211-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Marvin Dukes's Objections to the Report and Recommendation issued by Magistrate Judge Edward B. Atkins. [Record No. 90] Dukes initially failed to file timely objections to the Report and Recommendation entered on August 30, 2012, waiving his right to *de novo* review.[1] [Record No. 88] Notwithstanding this waiver, the Court conducted a *de novo* review of Dukes's motion and adopted the Report and Recommendation, denied the defendant's request for relief under 28 U.S.C. § 2255, and dismissed the action. [*See id.*] Subsequently, Dukes filed Objections to the Report and Recommendation which he claims were timely, based on the date he actually received the report. [Record No. 90] The Court has considered Dukes's specific objections, and reviewed the

---

[1] Under 28 U.S.C. § 636(b)(1), Dukes was given 14 days from the date of service of the Report and Recommendations in which to file his objections, or until September 18, 2012. His objections were filed on September 24, 2012.

-1-

portions of the magistrate judge's recommendations to which Dukes has objected. For the reasons stated below, the Court will overrule Dukes's objections.

In the Report and Recommendation filed August 30, 2012, the magistrate judge recommended that the Court dismiss Dukes's § 2255 motion due to Dukes's failure to meet his burden of proving that he was mentally incompetent to enter into a guilty plea. [Record No. 84, p. 14] Dukes objects to three main findings in the Report and Recommendation. His first two objections are assertions of ineffective assistance of counsel based on his status as a career offender. [Record No. 90, p. 3] In his third objection, Dukes argues that his guilty plea and waiver of his right to collaterally attack his sentence were not made knowingly and voluntarily because of his post-traumatic stress disorder. Finally, he requests that the Court conduct an evidentiary hearing to determine his "child-hood and teenage psychiatric/clinical treatments, the dates, or actual persons that may be able to provide any relevant answers." [*Id.*, p. 5]

Because Dukes has waived his right to collaterally attack his guilty plea, conviction, and sentence, the threshold inquiry is whether that waiver was valid. The Court finds that Dukes's waiver was made knowingly and voluntarily. *See United States v. Ashe,* 47 F.3d 770, 775-76 (6th Cir. 1995). The evidence does not support the contention that Dukes was incompetent to plead guilty because of post-traumatic stress disorder. Rather, there is ample evidence that Dukes communicated effectively with his attorney and the Court during the proceedings. [*See* Record No. 84, pp. 9-13] Dukes's counsel also presented information regarding his post-traumatic stress syndrome diagnosis for the Court to consider under 18 U.S.S.G. § 3553. During the criminal proceedings, Dukes indicated that he had carefully reviewed the plea agreement

with his attorney and that he understood its terms. Moreover, Dukes and his attorney specifically discussed the consequences of his plea's waiver to collaterally attack his guilty plea, conviction, and sentence. [*Id.*, p. 12] For these reasons, Dukes is barred from asserting his first two objections which amount to a collateral attack on his sentence.

Nor has Dukes shown that an evidentiary hearing is warranted. A district court need not conduct an evidentiary hearing before denying a § 2255 motion when the motion and files and records of the case conclusively show that the prisoner is not entitled to relief. 28 U.S.C. § 2255. The decision regarding whether to grant an evidentiary hearing is within the discretion of the Court. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). In this case, the motion, files, and records of the case establish that Dukes is not entitled to relief because his plea and waiver were knowing and voluntary. Thus, he is not entitled to an evidentiary hearing on the issue of his competence. Based on the foregoing discussion, and for the reasons set forth in the Memorandum Opinion and Order entered September 18, 2012, it is hereby

**ORDERED** that Dukes's Objections to the Report and Recommendation [Record No. 90] are **OVERRULED**.

This 26th day of September, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge