UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 10-078-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARVIN DUKES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Marvin Dukes is currently serving a term of imprisonment of 223 months. [Record No. 56]  On May 7, 2015, Dukes filed a request for appointment of counsel for purposes of moving for a two-level reduction to his guideline calculation under recent amendments to the United States Sentencing Guidelines ("U.S.S.G.").  Appointment of counsel, however, is not necessary and his motion request will be denied.  To the extent that Dukes' letter may be construed as a motion for relief under 18 U.S.C. § 3582, that request will also be denied because Dukes was sentenced as a Career Offender and his guideline range is unaffected by the amendments.

There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2).  *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).  A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the

-1-

benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

Dukes was charged in a six-count Indictment stemming from his drug-trafficking activities. [Record No. 11] Duke admitted that he sold 6 grams of heroin to a confidential informant on two separate occasions in October 2010. [Record No. 54, pp. 1-2] When he was arrested on October 22, 2010, law enforcement officers found heroin in his car and $1,380 on his person. [Record No. 54, p. 2] When Dukes' residence was searched on the same day, officers located more than 150 grams of heroin, 500 grams of powder cocaine, 30 grams of crack cocaine, and a digital scale. [Record Nos. 54, p. 2; 99, p. 4] The defendant pleaded guilty to Count 2 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute controlled substances. [Record No. 56] At sentencing, the government dismissed the remaining charges. [Record No. 56] Based on the defendant's substantial assistance, the United States also moved for a downward departure under § 5K1.1 of the United States Sentencing Guidelines. [Record No. 42]

Dukes qualified as a Career Offender under the Sentencing Guidelines. The Career Offender provisions provide that:

> (a)   A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the

defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

(b)     Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.  A career offender's criminal history category in every case under this subsection shall be Category VI.

U.S.S.G. § 4B1.1.  Based on the foregoing, Duke's Total Offense Level under U.S.S.G. § 4B1.1 was 37 and his Criminal History Category was VI, notwithstanding the guideline calculations for the underlying offense.  [Record No. 99, pp. 5-6]  His guideline range was 262 to 327 months.  [Record No. 99, p. 15]  This conviction also carried a mandatory statutory minimum term of 120 months.

Title 18 of the United States Code, Section 3582(c), prohibits the Court from modifying a term of imprisonment once it has been imposed except under very limited circumstances, none of which apply here.  Section 3582(c)(2) only gives the Court authority to reduce a sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as long as the reduction is consistent with the applicable policy statements issued by the Commission.  The recent amendments reduce the base offense level within the drug quantity table found in U.S.S.G. § 2D1.1(c).  However, Dukes was sentenced as a Career Offender under U.S.S.G. § 4B1.1.  His guideline range was not based on the drug quantity table and, therefore, the recent amendments do not apply to his sentence.  *See, e.g., United States v. Wherry*, 518 F. App'x 434, 437–38 (6th Cir. 2013) (rejecting the argument that Amendment 750 applies to career offenders).  Thus, his non-binding guideline range remains unchanged and 18 U.S.C. § 3582(c) is inapplicable.

Furthermore, even if Dukes were eligible for a reduction, it would not be warranted in light of the sentencing goals under 18 U.S.C. § 3553(a), particularly considering that the sentence he received was considerably below the guideline range of 262 to 327 months of imprisonment.  Accordingly, it is hereby

**ORDERED** that Defendant Marvin Dukes' motion for counsel and reduced sentence under 18 U.S.C. § 3582(c)(2) [Record No. 109] is **DENIED**.

This 8th day of May, 2015.

**Signed By:**

*Danny C. Reeves*   DCR

**United States District Judge**