UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 10-078-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARVIN DUKES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Marvin Dukes pleaded guilty to possession with intent to distribute cocaine and was sentenced to 223 months' imprisonment in 2011. He has now filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 125] Dukes also asks the Court to appoint counsel and he seeks permission to file a supplemental brief in support of his motion for compassionate release. [Record Nos. 129, 131]

The Court will grant the motion to file a supplemental brief to the extent the supplemental brief is the handwritten document tendered on December 1, 2020.[1] However, the motion for compassionate release will be denied because the defendant has failed to exhaust administrative remedies as required under § 3582(c)(1)(A). Finally, the defendant has not identified circumstances warranting the appointment of counsel, and that motion will be denied.

---

[1]   The correspondence from the defendant is dated November 25, 2020, postmarked November 27, 2020, and was received by the Court on December 1, 2020.

## I.

Prior to enactment of the First Step Act of 2018, only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release on a prisoner's behalf. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). Title 18 of the United States Code, section 3582(c)(1)(A), now provides that

> the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction. . . .

Prisoners must exhaust administrative remedies before bringing a motion for compassionate release. *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). A defendant may do so by fully exhausting all administrative rights to appeal with the prison or waiting 30 days after his first request to the prison. *Id.* at 833-34.

Dukes fails to allege that he has requested administrative relief from the Warden of his institution of confinement, FCI Fort Dix. Further, in response to Dukes' motion for compassionate release, the United States points out that he has failed to exhaust administrative remedies.[2] When "properly invoked," mandatory claim-processing rules such as the exhaustion requirement in § 3582(c)(1)(A), "must be enforced." *Id.* (citing *Hamer v.*

---

[2]  Dukes filed a previous motion under § 3582(c)(1)(A) in May 2020, in which he alleged that his request for compassionate release had been denied by the Warden of FCI Elkton. However, Dukes' present motion is based on allegations that he was transferred to FCI Fort Dix on or after October 28, 2020.

*Neighborhood Hous. Serv. Of Chi.*, 138 S. Ct. 13, 17 (2017)). Accordingly, the defendant's motion for compassionate release will be denied, without prejudice. *See id.* at 836.

## II.

The Court also will deny the defendant's motion for appointment of counsel. There is no constitutional right to appointed counsel with respect to filing a motion for relief under 18 U.S.C. § 3582(c). *See United States v. Bruner*, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017). Instead, the decision to appoint counsel lies within the Court's discretion and doing so is required only when the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). The defendant's purported lack of legal knowledge, standing alone, is not a sufficient reason to warrant the appointment of counsel. Further, the issues raised in motions for compassionate release typically are based on facts known to the defendant and can be resolved based on the record alone.

## III.

Accordingly, it is hereby

**ORDERED** as follows:

1. The defendant's motion for compassionate release [Record No. 125] is **DENIED**.

2. The defendant's motion for appointment of counsel [Record No. 129] is **DENIED**.

3. The defendant's motion to file a supplemental brief [Record No. 131] is **GRANTED**.

- 4 -

Dated:  December 7, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky