UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 10-078-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARVIN DUKES, | ) | **MEMORANDUM ORDER** |
| | ) | **AND OPINION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Marvin Dukes has filed a third motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 137] In support, he contends that his medical conditions make him especially vulnerable to the risks of COVID-19. The current motion will be denied because Dukes has failed to identify extraordinary and compelling reasons for release and because the factors under 18 U.S.C. § 3553(a) do not support a sentence reduction.

Dukes pleaded guilty to possession with intent to distribute cocaine (and aiding and abetting another to do so) and was sentenced to 223 months' of imprisonment on June 28, 2011. [Record No. 56] Dukes is housed at FCI Fort Dix in New Jersey and his projected release date is October 31, 2026.[1] He contends that he should be released early because "he suffers from progressive diseases from which [he] will never recover, to wit: pneumonia, migraines, high blood pressure, and obesity." [Record No. 137, p. 2]

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A). The statute provides:

---

[1]   FIND AN INMATE, https://www.bop.gov/inmateloc/ (last accessed June 17, 2021).

the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Prisoners must exhaust administrative remedies before bringing a motion for compassionate release. *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). A defendant may do so by fully exhausting all administrative rights to appeal with the prison or waiting 30 days after his first request to the prison. *Id.* at 833-34.

Dukes' second motion for compassionate release (filed *pro se*) was denied, without prejudice, because he had failed to exhaust administrative relief from the Warden of FCI Fort Dix. Inexplicably, Dukes' present motion, filed by counsel, asserts that Dukes has exhausted administrative remedies *at FCI Elkton*, where he was housed previously. The Court previously explained that Dukes must exhaust administrative remedies at *Fort Dix*, since this institution forms part of the basis of his complaints. [Record No. 133] Accordingly, the motion could be denied based on Dukes' failure to exhaust administrative remedies alone.

But Dukes also has failed to show that there are extraordinary and compelling reasons to grant compassionate release. The district court has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *United States v. Jones*, 908 F.3d 1098, 1109 (6th Cir. 2020). Although not binding, the application notes to United States Sentencing Guidelines Section 1B1.13 provide examples of the type of circumstances that might constitute extraordinary and compelling reasons for release. They

include a defendant's terminal illness or a serious medical condition that substantially diminishes the defendant's ability to care for himself within the correctional facility.  *See* U.S.S.G. 1B1.13 App. n.1.

Dukes is 44-years-old and has provided BOP medical records from 2016 through 2020, indicating that he was diagnosed with migraine, bunions, and benign essential hypertension, which all were managed with medications.  [Record No. 137-1]  And he has tested negative for COVID-19 on multiple occasions.  *See id.*  The medical records provided make no mention of the alleged diagnoses of pneumonia or obesity and Dukes does not elaborate on them. Although Dukes contends that his "treating physicians believe compassionate release is appropriate at this time," he has not provided any documentation from doctors to support this assertion.  [*See* Record No. 137, p. 11.]

Presumably due to counsel's use of an outdated template in drafting the brief in support of Dukes' motion, he incorrectly asserts that "there is no vaccine yet to fight [COVID-19]." The most recent medical records Dukes provided are from July 2020, so it is unclear whether he has received the vaccine.  However, it is quite possible that he has, since more than half of Fort Dix's 2875 inmates have been immunized as of June 16, 2021.[2]

Additionally, the factors under 18 U.S.C. § 3553(a) do not warrant granting a sentence reduction.  Dukes was subject to a statutory minimum sentence of 10 years' imprisonment and

---

[2] COVID-19 VACCINE IMPLEMENTATION, https://www.bop.gov/coronavirus/ (last updated June 16, 2021) ("BOP is committed to making the vaccine available to all staff and inmates who wish to receive it as quickly as possible.)"

The Court acknowledges that Fort Dix FCI has experienced severe outbreaks of COVID-19, with two inmate deaths and 1,758 inmate recoveries. However, as of June 16, 2021, there were no inmates and only one staff member who tested positive for COVID-19. *See* COVID-19 CASES, https://www.bop.gov/coronavirus/ (last updated June 16, 2021).

his advisory guidelines range was 262 to 327 months. His offense of conviction was very serious: Dukes sold heroin to a confidential informant on multiple occasions before law enforcement officers seized substantial quantities of heroin, powder cocaine, and cocaine base, as well as drug trafficking paraphernalia and a loaded firearm from his residence. Dukes' criminal record is extensive, resulting in his classification as a career offender under U.S.S.G. § 4B1.1.

The Court noted at the sentencing hearing that the defendant's extensive history of drug trafficking was a strong indicator of future his conduct. Therefore, a substantial sentence was necessary to deter such conduct and protect the public. Notwithstanding Dukes' criminal history, the Court considered the unusual circumstances of the case, including the defendant's extraordinarily difficult childhood, and began its analysis at the bottom of the guidelines range. The Court then reduced that number by fifteen percent based on reasons discussed at the bench.

During the sentencing hearing, defense counsel argued strongly that Dukes needed rehabilitation and counseling so that he could "be the person that he desperately want[ed] to be." [Record No. 72, p. 17] While this did not affect the length of the sentence, the Court agreed that rehabilitation and treatment during Dukes' period of incarceration was very important. Releasing Dukes at this point would prevent him from taking full advantage of BOP programming that increases the likelihood of a successful transition into the community upon release. Further, a sentence reduction would not promote the need to avoid unwarranted sentencing disparities. *See* § 3553(a)(6).

Dukes previously tendered several certificates showing that he had completed various educational and therapeutic programs while in custody. [Record No. 134-1] The Court commends the defendant regarding these efforts and encourages him to continue such pursuits.

However, rehabilitative activities such as these do not outweigh the factors previously discussed.  *See United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (observing that "rehabilitation alone does not provide a proper basis for relief").

For the reasons outlined above, the Court remains persuaded that a sentence of 223 months' imprisonment remains minimally sufficient but not greater than necessary to fulfill the objectives set forth in § 3553(a).  Accordingly, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 137] is **DENIED**.

Dated: June 17, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky