UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 2: 10-078-DCR |
| V. | ) |
| MARVIN DUKES, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Marvin Dukes has filed a fourth motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). [Record No. 139] And he asserts once again that there are extraordinary and compelling reasons that justify his release. However, the current motion will be denied because Dukes has not presented such reasons for release and the factors to be considered in evaluating the relief sought weigh against a sentence reduction.

**I.**

Dukes pleaded guilty to possessing cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting such conduct in violation of 18 U.S.C. § 2. He was sentenced to 223 months of imprisonment which will be followed by an 8-year term of supervised release. [Record No. 56, pp. 2-3] His projected release date is December 11, 2026. Bop.gov/mobile/find_inmate/byname.jsp (last visited May 5, 2022).

As noted above, Dukes has filed several motions for release. In his last motion, he contended that his medical conditions made him especially vulnerable to the risks of COVID-19. [Record No. 137] That motion was denied because Dukes failed to identify extraordinary

and compelling reasons to support a sentence reduction. [Record No. 138] The Court further explained that the factors under 18 U.S.C. § 3553(a) did not warrant a sentence reduction. [*Id*.]

Dukes asserts in his present motion that a sentence reduction would allow him to rebuild his family and assist with his aging grandmother.[1] [Record No. 139-1] Additionally, he notes that he is not the same person he was when he was convicted, that he has served over 70% of his sentence, and that he has recently been diagnosed with an enlarged prostate. [*Id*.] He also contends that his medical history included high blood pressure and migraine headaches. [*Id*.] The United States opposes the motion, arguing that Dukes has failed to demonstrate extraordinary and compelling reasons to justify release and asserts that he will pose a significant danger to the public if his sentence is reduced as requested. [Record No. 141]

## II.

The Court engages in a three-step analysis when considering motions for compassionate release. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (cleaned up) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). First, the Court considers whether any "extraordinary and compelling reasons warrant a sentence reduction." *Id*. Second, the Court evaluates whether a sentence reduction is "consistent with applicable

---

[1] The defendant also claims that his attorney was ineffective, and that his plea was involuntary due to the ineffective assistance of counsel he received. The Court previously concluded that "Dukes was specifically advised by the undersigned during his re-arraignment hearing of his rights under Rule 11 of the Federal Rules of Criminal Procedure. Further, he has not demonstrated that his claim of incompetency has any basis or that his assertions of ineffective assistance of counsel have any merit." [Record No. 88, p. 4] Additionally, 18 U.S.C. § 3582(c)(1)(A)(i) is not the proper statutory mechanism for raising these arguments. *See, e.g., United States v. Westine*, No. 21-5248, 2021 U.S. App. LEXIS 29649, at *5 (6th Cir. Sept. 30, 2021).

policy statements issued by the Sentencing Commission." *Id.* Finally, the Court "consider[s] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* A district court has discretion to reduce a term of imprisonment if these three requirements are met, but it is not required to do so. *Id.*

Courts previously relied on United States Sentencing Guidelines ("U.S.S.G") § 1B1.13, in addressing compassionate release motions. However, the United States Court of Appeals for the Sixth Circuit has concluded that "§ 1B1.13 [is] inapplicable to inmate-filed compassionate-release motions." *Id.* at 519. Still, however, a court may "permissively consider" the § 1B1.13 policy statement "as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release." *United States v. Tomes*, 990 F.3d 500, 503 n. 1 (6th Cir. 2021).

Section 1B1.13 is instructive in considering Dukes' argument that he would like to help rebuild his family and care for his ailing grandmother. The application notes following § 1B1.13 state that the following "Family Circumstances" may constitute extraordinary and compelling reasons to justify compassionate release:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 n. 1(C). Neither of these circumstances is present here. Additionally, Duke's desire to spend time and care for family members is not "extraordinary," because nearly all incarcerated defendants share similar desires. *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021) (explaining that "extraordinary" for purposes of the statute means "most

unusual," "far from common," and "having little or no precedent." (quoting Webster's Third New International Dictionary: Unabridged 807 (1971))); *United States v. Toaz*, No. 20-1561, 2020 U.S. App. LEXIS 33439, at *5-6 (6th Cir. Oct. 22, 2020) ("[M]any inmates have aging parents who need care"). Accordingly, his family circumstances do not constitute extraordinary or compelling reasons to justify a sentence reduction.

Next, Dukes medical conditions do not constitute extraordinary and compelling reasons to justify release. Dukes claims that he was recently diagnosed with an enlarged prostate and has a history of high blood pressure and migraines. But the undersigned previously considered whether his history of high blood pressure and migraines, along with other ailments, were sufficiently severe to constitute extraordinary and compelling reasons in light of COVID-19. They were not previously and are not now. And Dukes does not provide any further information or evidence regarding how these medical conditions constitute extraordinary and compelling reasons to justify release.

But even if Dukes could show that there are extraordinary and compelling reasons to justify release, the § 3553(a) factors still weigh against a sentence reduction. Dukes argues that he is a "changed man" from when he was convicted (a subjective argument that nearly every incarcerated person can make and which defies objective evaluation), and that he has served more than 70% of his sentence. However, this does not diminish the fact that his underlying criminal conduct was serious or that he has a lengthy criminal history which carries a significant risk of recidivism. As this Court explained previously, "Dukes sold heroin to a confidential informant on multiple occasions before law enforcement officers seized substantial quantities of heroin, powder cocaine, and cocaine base, as well as drug trafficking paraphernalia and a loaded firearm from his residence." [Record No. 138, p. 4] And the fact

remains that Dukes has an extensive criminal history that includes multiple convictions for drug trafficking offenses and classification as a career offender under U.S.S.G. § 4B1.1. [Record No. 99, pp. 7-9] Further, at Dukes' original sentencing, the Court considered his difficult childhood before finally determining an appropriate sentence.

Here, a sentence reduction would not support the goals of promoting respect for the law, providing just punishment, or reflect the seriousness of the offense committed by Dukes. 18 U.S.C. § 3553(a)(2)(A).  Dukes original sentence remains sufficient, but not greater than necessary, provided adequate deterrence.  It was (and is) designed to protect the public from future criminal activity of the defendant.  18 U.S.C. § 3553(a)(2)(B)-(C).

### III.

Dukes has also requested appointment of counsel.  However, the Court appoints counsel in proceedings under 18 U.S.C. § 3582(c) when the interests of justice or due process so require.  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  The defendant has not established that appointment of counsel is necessary or appropriate for either of these reasons. Dukes has filed multiple motions for compassionate release and he appears to understand the procedures for seeking relief.  However, appointment of counsel would not change the underlying facts, controlling authorities or advance the interests of justice.

Accordingly, it is hereby **ORDERED** as follows:

1.     Defendant Marvin Dukes' motion for compassionate release [Record No. 139] is **DENIED**.

2.     Dukes' request for the appointment of counsel is **DENIED**.

- 6 -

Dated: May 10, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky