UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 10-078-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARVIN DUKES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Marvin Dukes has filed a *pro se* motion for reconsideration with respect to the Court's Order denying his sixth *pro se* motion for compassionate release. [Record No. 152] The current motion will be denied because Dukes has failed to identify any reason for altering the Court's prior decision.

The Federal Rules of Criminal Procedure do not explicitly provide for a motion to reconsider, but federal courts typically adjudicate such requests under the standard articulated in Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) allows the Court to alter a previous decision based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018).

Dukes begins by arguing that the Court erred by giving "no weight" to his rehabilitation, employment history, family support, reentry plan, serious medical conditions, and low recidivism status. But simply because the Court does not agree with Dukes' assessment of these factors does not mean that the undersigned failed to consider them. A

motion to reconsider is not intended as a vehicle to relitigate issues the Court has already considered. *United States v. Combs*, 2012 WL 4460745, at *1 (E.D. Ky. Sept. 26, 2012) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). And contrary to Dukes' suggestion, the Court evaluated all of these items but concluded that they do not warrant a sentence reduction in light of the factors under 18 U.S.C. § 3553(a), particularly the seriousness of Dukes' offense and his extensive history of drug trafficking. [*See* Record Nos. 138, 150.]

Dukes makes the new claim that he has "cancer growing inside [him]," but he has not provided any supporting evidence. He previously submitted a laboratory report from October 2023 indicating that he had an abnormal PSA result, but such a finding is not tantamount to a diagnosis of cancer. Regardless, Dukes (who is only 47 years old) has not indicated that the Bureau of Prisons is not providing proper care for his medical conditions.

Dukes contends that he is entitled to a sentence reduction pursuant to Amendment 814 to the United States Sentencing Guidelines. That Amendment revises § 1B1.13 to expand the list of "extraordinary and compelling reasons" that may be considered under 18 U.S.C. § 3582(c)(1)(A)(i). One addition to the list, "Unusually Long Sentences," allows the Court to consider non-retroactive changes in the law in a narrow set of circumstances. Dukes contends that he is entitled to a sentence reduction under this provision because (in conjunction with other factors) he has served 157 months of a 223-month sentence.[1]

The relevant guideline amendment provides:

---

[1] It is unlikely that Dukes' sentence, which is significantly below the applicable guidelines range of 262 to 327 months' imprisonment, constitutes an "unusually long sentence."

> If the defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such a change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Dukes contends that, if sentenced today, he would receive a lower sentence based on the Sixth Circuit's holding in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). In *Havis*, the court held that the application note to U.S.S.G. § 4B1.2 impermissibly expanded the definition of "controlled substance offense" by adding attempt crimes. However, *Havis* would have no impact on Dukes' sentence. He pleaded guilty to possessing with the intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). [*See* Record No. 54] Dukes was sentenced as a career offender based on his two prior convictions for trafficking in controlled substances, **not** attempt crimes. *See* U.S.S.G. § 4B1.1. Further, U.S.S.G. § 4B1.2 was amended on November 1, 2023, to include the inchoate offenses of attempt, conspiracy, and aiding and abetting within the definition of "controlled substance offense" and "crime of violence."

Finally, the Court notes that rehabilitation may be considered in combination with other circumstances in determining whether and to what extent a sentence reduction is warranted. U.S.S.G. § 1B.13(d) (Nov. 1, 2023). As the Court has stated previously, Defendant Dukes' family support and efforts toward rehabilitation are positive attributes. However, these factors do not mitigate the need to provide just punishment for the defendant's serious offense in this matter. Despite the defendant's desire to be released early, the Court remains convinced that

223 months' imprisonment is minimally sufficient to satisfy this and the other purposes of § 3553(a).

Based on the foregoing analysis, it is hereby

**ORDERED** that the defendant's motion [Record No. 152] is **DENIED**.

Dated: December 6, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky